[No. 5226.  Decided July 2, 1904.]

THE STATE OF WASHINGTON, on the Relation of Kent Lumber Company, Plaintiff, v. THE SUPERIOR COURT OF KING COUNTY, Defendant.[1]

EMINENT DOMAIN—MUNICIPAL CORPORATIONS—PUBLIC PURPOSE— ELECTRIC LIGHT PLANT. The city of Seattle is authorized to exercise the right of eminent domain for the purposes of an electric light plant, under Bal. Code, § 739, subd. 6, authorizing cities of the first class to appropriate property for corporate purposes, and subd. 15, authorizing it to erect and maintain plants for furnishing lights to the city or its inhabitants.

SAME—CONDEMNATION OF LANDS OUTSIDE CITY LIMITS. Such power may be exercised to appropriate lands outside of the city limits.

[1]Reported in 77 Pac. 382.

SAME—ORDINANCE AUTHORIZING CONDEMNATION. An ordinance condemning the land, providing for a proceeding in the superior court to appropriate it, and authorizing the corporation counsel to conduct the proceedings, is sufficient to confer authority upon the city to maintain the action.

Certiorari to review an order of the superior court for King county, Griffin, J., entered June 13, 1904, declaring a public use upon a condemnation of certain lands for the purposes of a lighting plant, after a hearing on the merits, before the court without a jury. Affirmed.

*John G. Barnes,* for relator.

*M. Gilliam,* for defendant.

MOUNT, J.—The city of Seattle, a city of the first class, brought an action in the superior court of King county for the purpose of condemning a right of way over certain lands to be used for pole and transmission lines for an electric lighting plant, which the city is now constructing for its use. The whole of the lands sought to be condemned are without the city of Seattle. The Kent Lumber Company, a corporation, is the owner of certain of the lands sought to be condemned. This company appeared in the action and filed a demurrer to the petition of the city upon the grounds, (1) that it appears upon the face of the petition that the superior court has no jurisdiction of the subject matter of the action; (2) that the petitioner has no capacity to prosecute said proceedings; and (3) that said petition does not state facts sufficient to constitute a cause of action, or to entitle the city to the relief demanded. This demurrer came on for hearing, and was denied by the court. The relator duly excepted to the order denying the demurrer, and then filed its answer. Thereupon a hearing was had, and, upon evidence taken, the lower court made findings and entered an order declaring the use of the lands

sought to be condemned to be a public use, and also ordered
a jury to assess the damages.  Relator thereupon filed his
petition in this court, praying for a writ of review.  The
writ was issued, and the case is now here for review upon
the questions presented by the demurrer.

(1)  Relator insists, first, that the power of eminent
domain does not exist in the city of Seattle because such
power has never been expressly conferred upon it, and
therefore the court has no jurisdiction to maintain the
action.  Section 739, Bal. Code, in defining the powers of
cities of the first class, provides, at subd. 6, that such city
shall have power, "to purchase or appropriate private prop-
erty within or without its corporate limits, for its corporate
uses, upon making just compensation to the owners thereof,
and to institute and maintain such proceedings as may be
authorized by the general laws of the state for the ap-
propriation of private property for public use."  This
same section also confers power upon the city, "to provide
for lighting the streets and all public places, and for fur-
nishing the inhabitants thereof with gas or other lights,
and to erect, or otherwise acquire, and to maintain the
same, or to authorize the erection and maintenance of such
works as may be necessary and convenient therefor, and to
regulate and control the use thereof."  § 739, subd. 15, Bal.
Code.

This latter provision clearly authorizes the city to erect
and maintain works for *furnishing gas or other lights* to
the city and its inhabitants.  Lights so furnished are for
corporate uses.  The former provision clearly authorizes
the city to condemn private lands, either within or without
the city, for such uses.  By enacting these provisions, we
think the legislature of the state has authorized the city of

20-35 WASH.

Seattle to exercise the right of eminent domain, and to maintain the action. Since the decision in *Tacoma v. State*, 4 Wash. 64, the legislature has passed an act authorizing, regulating, and prescribing the procedure by which municipal corporations of the first class may condemn land for any public use within the authority of such city. § 775 *et seq.*, Bal. Code. This procedure was followed in the case at bar. Holding as we do upon the provisions above considered, it is unnecessary to consider other provisions of the statute claimed by respondent to authorize the condemnation.

(2)   It is next contended that the city is without legal capacity to maintain the proceedings, because the lands sought to be condemned lie wholly without the corporate limits of the city. As we have seen above, subd. 15 of § 739, Bal. Code, gives the city power to provide for lighting the streets and all public places, and for furnishing the inhabitants with gas or other lights, and to erect or otherwise acquire and maintain the same. This power is one of the corporate functions which may be exercised by the city, and property used for such purposes is for a corporate use. It is true that subd. 14 of the same section, referring to water works, provides that such works may be erected, purchased, or acquired within or without the corporate limits, while subd. 15, relating to works for lighting purposes, makes no reference to the same being within or without the city limits. This omission makes room for argument, but is not conclusive, that the legislature thereby intended to limit works for lighting purposes within the corporate boundaries, especially when it had provided that the city might appropriate property within or without its corporate limits for corporate purposes. We are therefore of the

opinion that the city is authorized to erect works for lighting purposes without its corporate boundary.

(3)   It is next contended by the relator that no ordinance has been passed by the city authorizing the lands to be condemned and paid for, but we find attached to the return as a part of the petition, Ordinance No. 10,723, which condemns the land in question, and provides for a proceeding in the superior court to appropriate the lands in question, and to assess to the owner his damages, and which authorizes and directs the corporation counsel to conduct the necessary proceedings therefor.  This ordinance is not mentioned by the relator in his brief.  As it appears regular upon its face in all respects, we think it is sufficient, under the statute, to confer authority upon the city by the proper officer to maintain the action.

No question is made here as to the finding of the lower court that the contemplated use is a public use.  The other questions presented go to the question of damages, which are not properly before us upon this review, and will therefore not be considered.  We find no error of the lower court in overruling the demurrer, or in adjudging the contemplated use to be a public use.  The order made thereon is therefore affirmed.

FULLERTON, C. J., and HADLEY, DUNBAR, and ANDERS, JJ., concur.